DAVID FULLREIDE, Plaintiff-Appellee and Cross-Appellant, *v.* MIDSTATES BEVERAGE COMPANY, INC., Defendant-Appellant.—(ELWOOD FOEHRKOLB, d/b/a Judy Inn, Defendant and Cross-Appellee.)

Fifth District   No. 77-443

Opinion filed April 9, 1979.

David B. Stutsman, of Walker & Williams, of Belleville, for appellant.

Reed, Armstrong, Gorman and Coffey, of Edwardsville (James E. Gorman, of counsel), for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Appellant Midstates Beverage Company, Inc. appeals from a jury verdict in the circuit court of Madison County awarding appellee David Fullreide $8000 in damages for an injury to his hand.

On December 13, 1974, appellant delivered several cases of Coca Cola to the Judy Inn, a tavern in Glen Carbon, Illinois. The cases were made of wood and each case contained 24 twelve-ounce bottles. Each bottle fit into a separate compartment in the case and the cases were stacked against a wall in the tavern in an area accessible to the tavern customers. The evidence adduced indicated that the cases were not moved, though individual bottles were removed by tavern employees for refrigeration and eventual sale to tavern customers. On rare occasions the tavern sold Coca Cola directly from the cases to customers, but this was not a regular occurrence.

On December 31, 1974, Michael Brockmeyer purchased one full case of Coca Cola from the tavern. He placed the case in his automobile, drove to his home, took the case from the car and carried it into his house. He placed the case on a bar and left it.

Approximately two hours later, David Fullreide took four of the bottles of Coca Cola from the Brockmeyer refrigerator. He opened three of them uneventfully. When he attempted to open the fourth, the top of the bottle broke. Fullreide used no unusual force in opening the fourth bottle; in fact, the cap of the bottle had not yet loosened when the bottle broke. Fullreide sustained an injury to his right hand and thumb with permanently impaired feeling and movement in the thumb. The bottle was not returned, but appellee and Brockmeyer testified that the break occurred approximately two inches from the top of the bottle and that the line of the break was jagged.

On April 24, 1975, Fullreide filed this action in the circuit court of Madison County against appellant and the tavern owner, Elwood

Foehrkolb. The complaint alleged that the bottle sold by Foehrkolb and distributed by appellant was in an unreasonably unsafe and defective condition when it left defendants' control, resulting in Fullreide's injury.

A jury trial was held on April 13, 1977. Appellee, Brockmeyer, and defendant Foehrkolb testified to the facts. Appellee's treating physician described the nature and extent of appellee's injury. Two expert witnesses were called by appellee.

Harry Duffy, a professor of engineering with a specialty in mechanics and structures, testified that he had conducted tests on approximately a dozen 10-ounce bottles using the method and the bottle opener used by appellee in opening the bottle which had caused the injury; that appellee's method did not use undue force, and that there did not appear to be any defect in the bottle opener which would cause a Coca Cola bottle to break. Based upon his tests and upon appellee's description of the appearance of the broken bottle, Duffy concluded that the bottle had a defect of a type probably caused by hitting or dropping the bottle. Such bottles were re-used by the bottler of Coca Cola an average of 16 times and a fairly sharp blow "was required to cause this sort of defect." Under the facts as stated by appellee, Brockmeyer and Foehrkolb, Duffy concluded that the defect must have existed at the time it left appellant's possession.

Michael Douglas Gill testified that he was a chemist specializing in the analysis of various substances, particularly glass. Based upon the appellee's description of his actions and the breakage of the bottle, Gill concluded that the bottle was defective, and that the defect was the result of impact or scoring. Gill further concluded that, under the facts previously stated regarding the handling of the bottle from the time it left appellant's possession until the time it broke, the defect probably existed at the time it left appellant's possession.

The jury returned a verdict of $8000 against the appellant in favor of appellee, and found in favor of co-defendant Foehrkolb.

Appellant contends first, that appellee failed to prove that the defect in the bottle existed at the time the product left the defendant's possession; and second, that admission of the expert testimony was improper because the expert testified in matters within the common knowledge of the average layman and juror.

■■ As to appellant's first contention, we must first note our standard of review. As noted in *Neubauer v. Coca Cola Bottling Co.* (1965), 96 Ill. App. 2d 18, 238 N.E.2d 437, the fact that appellee did not offer an extensive quantity of evidence on one or more elements of his cause of action does not compel this court to disturb the jury's verdict. We will reverse a judgment below only if all of the evidence, viewed in the light most favorable to appellee, so overwhelmingly favors appellant that a

verdict for appellee is completely without basis in the record. We do not believe that to be the case here.

*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, held that in order to recover under a products-liability theory, a plaintiff must show that he was injured as the result of the unreasonably dangerous condition of a product, and that such condition was present at the time the product left the defendant's control. In this case, appellant conceded on the record and in the presence of the jury that the bottle was defective and that appellee's injury resulted from that defect. The only issue appellant contests is whether the defect existed at the time appellant surrendered control of the bottle to co-defendant Foehrkolb. We hold that appellee presented adequate circumstantial evidence on that point.

■■ The circumstances, the circumstantial evidence, may be such that the jury may reasonably infer that the product caused the harm. For example, in *Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 94 N.E.2d 847, 45 minutes after a vaporizer was put into operation, it was melted and the room in which it was placed was in flames. No one saw the vaporizer melt or the fire start. But the heat of the molten metal was sufficient to ignite the doll chair on which the vaporizer was sitting and what was burning under and around the vaporizer when the fire was discovered. There was nothing to indicate that the fire could have started in any other manner than from the vaporizer. Under these circumstances the supreme court held:

> "[R]easonable inferences may be drawn from established facts and all that can be reasonably required to establish controverted facts, whether the evidence be direct or circumstantial, is that the evidence creates a greater or less probability leading, on the whole, to a satisfactory conclusion." (407 Ill. 121, 134.)

Appellee is not required to exclude every possible source of the defect (*Larson v. Thomashow* (1974), 17 Ill. App. 3d 208, 307 N.E.2d 707; *Spotz v. Up-Right, Inc.* (1972), 3 Ill. App. 3d 1065, 280 N.E.2d 23; *Taylor v. Carborundum Co.* (1969), 107 Ill. App. 2d 12, 246 N.E.2d 898), and he may show that the defect arose before the product left the appellant's control by circumstantial evidence, without accounting for the bottle for every moment every day from the time it left appellant's control until the moment it caused appellee's injury. *Neubauer v. Coca Cola Bottling Co.* (1965), 96 Ill. App. 2d 18, 238 N.E.2d 437.

■■■ As in *Neubauer*, appellee did not offer any excess of evidence as to the existence of the defect at the time it left appellant's control. However, the evidence did tend to show that the bottle in question had been handled minimally since the time that appellant delivered it to Foehrkolb, and that what handling did occur was normal and uneventful. When it is demonstrated that a product has failed to perform as reasonably expected, absent abnormal use or reasonable secondary causes, a prima

762

facie case has been established that the defect existed when it left the distributor's control. (*Gillespie v. R. D. Werner Co.* (1978), 71 Ill. 2d 318, 375 N.E.2d 1294; *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449.) Evidence of reasonable and proper handling of a product between the time it left the possession and control of the defendant manufacturer or seller and the time of the occurrence of the injury is an indication that the defect alleged to have existed at the time of the injury did not come into being in that interim, but existed prior thereto. 1 American Law of Products Liability, §1:11, at 34 (2d ed. 1974).

■■ Appellant's contention that admission of the experts' testimony constitutes reversible error is without merit. Furthermore, appellant has failed to preserve this issue for review by making a timely motion for a new trial. The basis for this assignment of error appears to be that the experts were asked to draw conclusions as to the existence of the defect in the bottle at the time it left appellant's control. Appellant contends that this conclusion was not a proper subject for expert testimony, because it was a matter within the common knowledge of the ordinary juror. We disagree.

■■ ■ Clearly, matters of common knowledge are not properly the subject of expert testimony, under ordinary circumstances. (*Gutkowski v. Stover Brothers Trucking Co.* (1976), 42 Ill. App. 3d 257, 355 N.E.2d 761.) However, in this case, the experts, and particularly Duffy, demonstrated a degree of knowledge which could not be called "common" with respect to the manner in which the defect arose, the stress which the bottle was designed to accommodate, and the type of force required to create the defect. While it is true that in order to reach their conclusion, the experts were called upon to draw inferences more properly left to the jury, appellant's counsel certainly drew the jury's attention to the possible deficiencies in the information relied upon by the experts. These deficiencies go to the experts' credibility and not to the admissibility of their testimony. Admission of expert testimony is largely left to the discretion of the trial judge (*Park District v. Becker* (1965), 60 Ill. App. 2d 463, 208 N.E.2d 621), and we find no abuse of discretion in this case.

Appellant and appellee both give passing attention to the logical inconsistency of the jury's finding appellant liable, but exonerating Foehrkolb. Neither party before us has properly preserved this issue for review; consequently, it is waived. *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

KARNS and KUNCE, JJ., concur.